WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny David Cato,<br><br>  Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Respondents. | No. CV-15-01804-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Motion for Voluntary Dismissal and a Report and Recommendation (Docs. 16 and 18) recommending that the motion be granted.

It appears to the Court that, following dismissal, any re-filed federal habeas petition may be barred by the statute of limitations.[1] It is unclear whether Petitioner has

---

[1] As another Court in this district noted:

> The Anti-terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for state prisoners to file petitions for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An untimely application for post-conviction relief is not properly filed and does not toll the limitations period. *See Pace*, 544 U.S. at 414 (When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2)."); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (an untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

considered this.  Accordingly, the Court will give Petitioner one opportunity to withdraw his motion to dismiss.  Further, the Court also notes that Respondents assert that Petitioner's claims are procedurally defaulted.  In the event Petitioner withdraws his motion to dismiss, his withdrawal should be filed with a proposed reply addressing the procedural default and other defenses raised in the Answer.

Accordingly,

**IT IS ORDERED** that Petitioner has 14 days from the date of this Order to withdraw his motion to dismiss if he so chooses.  If Petitioner does not withdraw the motion (and file his Reply in support of his Petition), the Court will accept the Report and Recommendation and grant the motion to dismiss.

Dated this 26th day of May, 2016.

James A. Teilborg
Senior United States District Judge

---

CV 15-915, Doc. 21 at 7.  Regarding Petitioner Cato, the Court has not determined whether any filing in state court at this point would be untimely.