IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny David Cato,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-01804-PHX-JAT (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:**

　　　　On February 2, 2016, Petitioner Johnny David Cato ("Petitioner") filed a "Motion for Voluntary Dismissal" (Doc. 16). Respondents did not oppose Petitioner's request. (Doc. 17). In a February 8, 2016 Report and Recommendation, the undersigned recommended that the Court grant Petitioner's "Motion for Voluntary Dismissal" (Doc. 16). The Court allowed Petitioner to withdraw his Motion as the Court found that it was unclear whether Petitioner had considered the possibility that, following dismissal, any re-filed federal habeas petition may be barred by the statute of limitations. (Doc. 20). In his June 9, 2016 filing (Doc. 21), Petitioner requested to withdraw his Motion for Voluntary Dismissal (Doc. 16). The Court (i) deemed Petitioner's Motion for Voluntary Dismissal (Doc. 16) withdrawn, (ii) rejected the February 8, 2016 Report and Recommendation, and (iii) referred the matter to the undersigned for further proceedings. (Doc. 23).

On July 19, 2016, the undersigned ordered Petitioner to file his reply to Respondents' Limited Answer (Doc. 15) no later than August 17, 2016. (Doc. 24). Instead of filing a reply, Petitioner filed a "Notice of Filing State Court Proceedings" (Doc. 25). In the Notice, Petitioner "moves the court to [] stay these proceedings on the inactive calander [sic] until the [state] court rules in the below [Rule 32] proceedings . . . ." Petitioner alternatively moves for a voluntary dismissal, stating that "Petitioner who seeks to file a new habeas will still be within the time limits, thus moves to withdraw his current Habeas without prejudice." Respondents have not responded to Petitioner's Notice. *See* LRCiv 7.2(i) (failure to file answering memoranda may be deemed a consent to the granting of a motion).

As to Petitioner's request to stay this proceeding, the Supreme Court has instructed that a "stay and abeyance should be available only in limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (explaining that a stay "frustrates AEDPA's objective of encouraging finality" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). Petitioner's Notice (Doc. 25) does not address the reasons for his failure to exhaust his habeas claims prior to initiating this action. The undersigned finds that Petitioner has not shown the requisite good cause to justify a stay. *See Mena v. Long*, 813 F.3d 907, 911-12 (9th Cir. 2016) (holding that a court has the discretion to stay a fully unexhausted habeas petition under "the circumstances set forth in *Rhines*" and stating that "a stay is granted only when the petitioner shows, among other things, 'good cause for his failure to exhaust'") (quoting *Rhines*, 544 U.S. at 277). Moreover, Petitioner has not shown that his habeas claims are potentially meritorious. *See Rhines*, 544 U.S. at 278. It is recommended that the Court deny Petitioner's request to stay this proceeding.

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court has the

1  discretion to grant a petitioner's request for dismissal after the opposing party has
2  answered. "A district court should grant a motion for voluntary dismissal under Rule
3  41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a
4  result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Stevedoring*
5  *Services of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating the
6  purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so
7  long as the defendant will not be prejudiced . . . or unfairly affected by dismissal.").

Petitioner's Notice (Doc. 25) reflects that he has considered the issue as to whether his re-filed federal habeas petition would be timely. Respondents have not objected to Petitioner's request to withdraw the Petition for Writ of Habeas Corpus (Doc. 1). Accordingly,

**IT IS RECOMMENDED** that the Court grant Petitioner's request to voluntarily dismiss this proceeding without prejudice (Doc. 25).

### Effect of Recommendation

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 13th day of January, 2017.

Eileen S. Willett
United States Magistrate Judge